UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN P. McCULLOUGH, | ) | Case No. 1:09CV2858 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| vs. | ) | |
| | ) | |
| HOWARD HANNA, etc., et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is the Motion to Dismiss filed by Defendants Howard Hanna Company, Smythe Cramer Co., Barristers of Ohio, LLC ("Barristers") and Hanna Holdings, Inc. (collectively "Defendants"[1]). ***Doc#:** 8.* For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

I.  BACKGROUND

For purposes of a motion to dismiss, the facts, as alleged by the plaintiff, are assumed to be true. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). On April

---

[1] Howard Hanna Company, Smythe Cramer Co. and Hanna Holdings, Inc. will be collectively referred to in this motion as "Hanna."

-1-

23, 2009, Plaintiff Sean P. McCullough purchased a residential property in Strongsville, Ohio. *Doc#: 1* at ¶33.  Plaintiff was assisted in the purchase by Hanna, which provides real estate services in connection with federally related mortgage loans.  *Id*. at ¶4.  The settlement services for the transaction were provided by Barristers, after Plaintiff was told by Hanna that "we use" Barristers and that Barristers would provide the settlement services.  *Id*. at ¶18.  Hanna also provided Plaintiff with a preprinted purchase agreement ("Purchase Agreement") requiring the use of Barristers to provide settlement services, including the provision of an owner's policy of title insurance in the amount of the purchase price.  Id.  Plaintiff ended up paying over $1,000 in settlement services charges to Barristers.  *Id*. at ¶19.

On behalf of himself and a putative class of others similarly situated, Plaintiff alleges that Hanna, which has an affiliated business arrangement with Barristers, requires purchasers or sellers of real estate to use Barristers to provide settlement services in transactions involving federally related mortgage loans.  Plaintiff alleges that Defendants benefit financially from this arrangement and that such an arrangement violates the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§2601 *et seq*, by: (1) requiring the use of Barristers; (2) providing kickbacks or anything of value to Hanna for requiring the use of Barristers' settlement services; and (3) failing to qualify as an affiliated business arrangement pursuant to Section 8 of RESPA and 24 CFR 3500.15.  *Id*. at ¶31.

Defendants have moved to dismiss Plaintiff's complaint and have requested oral argument.  Plaintiff filed an opposition brief in which it did not state a preference for oral argument.  Defendants then filed their reply brief, and reiterated their request for oral argument.  Because the Court does not believe oral argument is necessary to rule on this motion to dismiss,

Defendants' request is denied.

## II. ANALYSIS

Section 8(a) of RESPA states that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person. 12 U.S.C. §2607(a).[2] "A referral includes any oral or written action directed to a person which has the effect of affirmatively influencing the selection by any person of a provider of a settlement service or business incident to or part of a settlement service when such person will pay for such settlement service or business incident thereto or pay a charge attributable in whole or in part to such settlement service or business." 24 C.F.R. §3500.14(g)(1).

An exemption from RESPA liability exists under certain conditions for those engaged in an "affiliated business arrangement" ("ABA"). 12 U.S.C. §2607(c)(4). The statute specifically provides:

> Nothing in this section shall be construed as prohibiting ...
> (4) affiliated business arrangements, so long as:
> (A) a disclosure is made of the existence of such an arrangement to the person being referred and, in connection with such referral, such person is provided a written estimate of the charge or range of charges generally made by the provider to which the person is referred (i) in the case of a face-to-face referral or a referral made in writing ... at or before the time of the referral ...
> (B) such person is not required to use any particular provide of settlement services, and

---

[2]Additionally, [n]o person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." Id. at 2607(b).

-3-

>> (C) the only thing of value that is received from the arrangement, other than the payments permitted under this subsection is a return on the ownership interest or franchise relationship ...

*Id.*

Plaintiff alleges that Defendants violated 12 U.S.C. §2607(a) because Hanna employees were paid compensation for referring putative class members to Barristers' settlement services. Plaintiff further alleges that Defendants violated 12 U.S.C. §2607(c)(4) by not complying with the three requirements of an ABA. Specifically, Plaintiff alleges that Defendants did not disclose the affiliation between Hanna and Barristers and that Hanna required the use of Barristers for settlement services.

Defendants, who do not dispute that Hanna and Barristers are in an ABA, have moved to dismiss Plaintiff's complaint on four grounds. The first two grounds are relevant to both the §2607(a) kickback provision and §2607(c)(4) affiliated business arrangement requirement; the third and fourth grounds deal solely with the kickback provision and ABA requirement, respectively.

### A. *Grounds for Dismissal Relevant to Both §2607(a) and §2607(c)(4)*

First, Defendants argue that there can be no RESPA violation because the seller, not Plaintiff, paid for the relevant settlement charges. This argument is rejected because it is unclear from the documents incorporated into the complaint by reference who paid for the relevant settlement charges. Plaintiff and Defendants offer different narratives of whether Plaintiff or the seller paid settlement charges to Barristers. Because it is not the Court's role to weigh the credibility of these narratives, which are clearly issues of fact, the Court cannot grant the motion to dismiss on this basis. *See Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007) ("... the existence of genuine issues of material fact warrants denial of the motion

to dismiss ...").

Similarly, Defendants' second argument – that Hanna informed Plaintiff both of its affiliation with Barristers and that Plaintiff had the option to use a different settlement services provider – must also be rejected because there are genuine issues of material fact. While the parties agree that Plaintiff was eventually informed of Hanna's affiliation with Barristers, Plaintiff argues that this occurred two days after he signed the Purchase Agreement requiring the use of Barristers. Defendants counter that Plaintiff had been informed of the affiliation at the time the contract was formed. Again, the Court cannot determine, as a matter of fact, whether Plaintiff was informed of Hanna's affiliation at or before the time of referral. Furthermore, there are similar factual issues surrounding whether Plaintiff was required to use Barristers. Required use is defined as "a situation in which a person must use a particular provider of a settlement service in order to have access to some distinct service or property ..." 24 C.F.R. §3500.2. Plaintiff, by alleging that he was orally told by authorized Hanna personnel that "we use" Barristers and that he was provided a preprinted purchase agreement requiring the use of Barristers for settlement services, has sufficiently alleged required use, even under the exacting standards set forth by the Supreme Court in *Aschroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The clear implication from Plaintiff's complaint is that without using Barristers, he would not have been able to sign and/or comply with the Purchase Agreement. Thus, Defendants second argument is rejected.

### B. *Grounds for Dismissal Relevant Only to §2607(a)*

However, Defendants' third ground for dismissal is granted. Defendants argue that Plaintiff's allegations are vague and conclusory and do not state a cause of action because

they do not allege that Barristers paid Hanna compensation for referring settlement services. Rather, Plaintiff alleges that Hanna provides its own employees bonuses and referrals of business for utilizing Barristers. Defendants contend that no cause of action can be sustained on this basis because RESPA specifically exempts an employer's payments to its own employees for any referral activities.

As an initial matter Plaintiff's allegations are not vague and conclusory even under the demanding *Iqbal* and *Twombly* pleading standards. Plaintiff specifically alleges: (1) he was told by Hanna that they used Barristers for settlement services and was given a purchase agreement requiring use of Barristers' settlement services; (2) he was never informed of the relationship between Hanna and Barristers; and (3) Hanna's employees were paid bonuses and referred business as compensation for referring Plaintiff, and other putative class members, to Barristers.

Although Plaintiff's allegations of Hanna employees being compensated for referring business to Barristers are not vague and conclusory, they do not state a cause of action under RESPA. Hanna's alleged payments to its own employees are exempt from RESPA liability. Pursuant to 24 C.F.R. §3500.14(g)(1)(vii), "Section 8 of RESPA permits ... [a]n employer's payment to its own employees for any referral activities." The complaint alleges that Hanna employees received compensation, in the form of bonuses, from Hanna for referring clients to Barristers. As this is permitted under the statute,[3] Plaintiff's §2607(a) kickback claim,

---

[3] On June 7, 1996, 24 C.F.R. §3500.14(g) was amended to make "[a] payment by an employer to its *bona fide* employee for the referral of settlement service business to a settlement service provider that has an affiliate relationship with the employer or in which the employer has a direct or beneficial ownership interest of more than 1 percent" permissible only if (1) the "employee does not perform settlement services in any transaction" and (2) "[b]efore the

which does not include any allegations of payments from Barristers to Hanna or Hanna's employees for referring business, cannot be sustained.

### C. *Grounds for Dismissal Relevant Only to §2607(c)(4)*

Finally, Defendants move for dismissal on the ground that the failure to comply with the §2607(c)(4) requirements of an affiliated business arrangement is not a per se violation of RESPA. That is, since Plaintiff cannot state a cause of action under the §2607(a) kickback provision and has not attempted to state a cause of action under §2607(b), Plaintiff has no claim under RESPA, even if Defendants did not comply with the requirements for an ABA. Because the statute and regulations promulgated thereunder do not create a cause of action for failing to comply with the §2607(c)(4) ABA requirements, Plaintiff's complaint must be dismissed on this ground, as well.

ABAs are defined as:

> "an arrangement in which (A) a person who is in a position to refer business incident to or a part of a real estate settlement service involving a federally related mortgage loan, or an associate of such person, has either an affiliate relationship with or a direct or beneficial ownership interest of more than 1 percent in a provider of settlement services; and (B) either of such persons directly or indirectly refers such business to that provider or affirmatively influences the selection of that provider."

12 U.S.C. §2602(7). ABAs are permissible under RESPA "so long as": (1) the arrangement is disclosed prior to or at the time of the referral; (2) the person being referred is not required to use

---

referral, the employee provides to the person being referred a written disclosure in the format of the Controlled Business Arrangement Disclosure Statement ..." 61 F.R. 29252. The effective date of the amendment was to be October 7, 1996. Id. On October 4, 1996, the effective date was delayed until further notice. 61 F.R. 51782. Since that time, the effective date of the amendment has not been re-visited. Thus, the prior version of the regulation remains in effect and Hanna's payments to its employees are exempt from RESPA liability.

the referred service; and (3) nothing of value other than permissible payments is provided. 12 U.S.C. §2607(c)(4).

The phrase "so long as", along with other statutory and regulatory language has created confusion as to whether an affiliated business arrangement that does not meet these three requirements is a per se violation of RESPA. *Compare Robinson v. Fountainhead Title Group Corp.*, 252 F.R.D. 275, 287 (D. Md. 2008) ("... the Court concludes that an ABA must comply with the enumerated conditions of the section 8(c)(4) exception and the HUD 10-factor test in order to avoid a RESPA violation") with *Cornelius v. Fidelity Nat'l Title Co.*, No. C08-754MJP, 2009 U.S. Dist. LEXIS 22674, at *10 (W.D. Wash. March 9, 2009) (holding that there is no "explicit requirement in the RESPA provisions" that an ABA be disclosed or a consumer informed of the ABA where there is no allegation of receipt of a kickback). Under §2607(d)(3) of RESPA, which deals with penalties for §2607 violations, "[n]o person or persons shall be liable for a violation of the provisions of subsection(c)(4)(A) of this section if such person or persons proves by a preponderance of the evidence that such a violation was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures that are reasonably adapted to avoid such error." Creating an exception from liability for unintentional and erroneous violation of the §2607(c)(4)(A) disclosure requirements, implies that liability exists for violating §2607(c)(4)(A).

Adding to the confusion, the Housing of Urban Development's RESPA regulations state "[a]n affiliated business arrangement is not a violation of section 8 of RESPA (12 U.S.C. §2607) and of §3500.14 if the conditions set forth in this section are satisfied." 24 C.F.R. §3500.15(b).

To the Court's knowledge, neither the Sixth Circuit nor any other circuit court has addressed the issue of whether the failure to comply with any of the three ABA requirements, without an allegation of a kickback being received, is necessarily a violation of RESPA. Two judges, including Judge Gaughan of this Court, have concluded that, in order to avoid a RESPA violation, an ABA must involve a bona fide settlement service provider *and* comply with the three §2607(c)(4) safe harbor requirements. *See Pettrey v. Enterprise Title Agency*, 241 F.R.D. 268, 275-76 (N.D. Ohio 2006); *Robinson*, 252 F.R.D. at 287. However, the factual distinctiveness of these cases renders them inapplicable to the instant matter. In both *Pettrey* and *Robinson*, there was no dispute that a kickback had been sufficiently alleged. *Pettrey*, 241 F.R.D. at 270; *Robinson*, 252 F.R.D. at 278. Rather, the central issue was whether or not the ABA could qualify for the §2607(c)(4) safe harbor exemption because it was alleged that the settlement entity was not a bona fide provider of settlement services.

At least one district court has held that failing to comply with the three ABA requirements is not a RESPA violation without an allegation of a kickback. *Cornelius*, 2009 U.S. Dist. LEXIS 22674, at *10 . Moreover, and perhaps most importantly, comments provided by HUD, in proposing regulations to RESPA amendments, demonstrate that the agency charged with implementing the statute shares this conclusion. "While the existence of a controlled business arrangement probably must raise the presumption of a Section 8 violation for the controlled business exemption to make sense, it is HUD's view that there is little legal or factual justification for viewing a controlled business arrangement which fails to meet all elements of the new exemption as a per se Section 8 violation (i.e. legal only if the elements of the new

-9-

exemption are satisfied)."[4]  53 Fed. Reg. 17424, 17425 (May 18, 1988).  Thus, HUD's proposed regulation would have created a presumption that an ABA violates Section 8, yet found no basis to broadly interpret the statute as inferring a per se Section 8 violation if the three required elements were not satisfied.  Furthermore, the final version of the regulation moved away from the proposed presumption of a Section 8 violation and instead adopted the narrower current regulatory language, which "more clearly reflect[s] the Congressional intent and provides businesses subject to RESPA with clear rules for complying with Section 8."  59 Fed. Reg. 49600, 49601 (Nov. 2, 1992).

Because HUD is charged with administering and interpreting RESPA, *see* 12 U.S.C. §2617(a), its regulations are instructive in discerning the meaning of a statute's provisions.  *Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979, 988 (6th Cir. 2009) (citation omitted).  Given HUD's conclusion that there is "little legal or factual justification" for considering the failure to comply with all three ABA requirements as a per se Section 8 violation, this Court shall not infer a §2607(c)(4) cause of action in this matter.  "If Congress wanted this result it could easily have modified Section 8(a) or otherwise stated directly that some or all controlled business arrangements were always illegal without regard to Section 8(a)."  53 Fed. Reg. 17424, 17425 (May 16, 1988).  Since Congress has not expressed the intent to make all affiliated business arrangements illegal unless they meet the three requirements of 2607(c)(4), the Court finds Defendants' argument persuasive and dismisses Plaintiff's complaint on this ground.

---

[4]The term "controlled business arrangement" is interchangeable with "affiliated business arrangement" for purposes of RESPA statutory construction.  *See e.g. In re Carter*, 553 F.3d 979, 987-88 (6th Cir. 2009).

### III. CONCLUSION

Because the facts as alleged in Plaintiff's complaint do not sufficiently state a violation of Section 8 of RESPA, 12 U.S.C. §2607, Defendants' motion to dismiss is hereby **GRANTED** and this case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

<u>*/s/Dan Aaron Polster     March 26, 2010*</u>
**Dan Aaron Polster**
**United States District Judge**